Filed 10/14/21  P. v. Sirypangno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KONESAVANH DONALD SIRYPANGNO,<br><br>  Defendant and Appellant. | D078188<br><br><br>(Super. Ct. No. SCD191585-04) |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed and remanded for further proceedings.

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Lynne G. McGinnis and Jennifer A. Jadovitz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2008, Konesavanh Donald Sirypangno was convicted by a jury of first degree murder, attempted murder, and assault with a semiautomatic firearm, with true findings that the crimes were committed for the benefit of a criminal street gang, that Sirypangno was a principal and that a principal personally and intentionally discharged a firearm causing great bodily injury or death.

In April 2019, Sirypangno filed a petition for resentencing under Penal Code section 1170.95.[1]  Section 1170.95 altered liability for those convicted of felony murder and murder under the natural and probable consequences doctrine and provided such defendants a means to petition the court for resentencing.

In his section 1170.95 petition, Sirypangno sought reversal of his convictions for second degree murder and attempted murder.  The People opposed the petition, arguing that Sirypangno is not entitled to relief as a matter of law based on this court's decision in the state habeas corpus proceeding in which Sirypangno's murder conviction was reduced to second-degree murder.  The trial court denied Sirypangno's petition without issuing an order to show cause or holding an evidentiary hearing.

On appeal, Sirypangno makes two arguments.  First, he contends that the trial court erred procedurally in denying his section 1170.95 petition without issuing an order to show cause.  Second, Sirypangno contends that the trial court erred in denying his petition based on its finding that he was a direct aider and abettor in the offenses.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

The People concede that the trial court erred in failing to issue an order to show cause on the petition with respect to Sirypangno's second degree murder conviction. However, the People argue that, with respect to the attempted murder conviction, Sirypangno is ineligible for resentencing relief under section 1170.95, as a matter of law.[2]

We accept the People's concession that the trial court erred in failing to follow the procedure required by section 1170.95 with respect to Sirypangno's second degree murder conviction.[3] However, we need not consider Sirypangno's request for section 1170.95 resentencing relief with respect to his attempted murder conviction because, in a related habeas corpus proceeding, we have determined that Sirypangno is entitled to have that conviction vacated. A separate opinion in that matter is being filed concurrently with this opinion. With the filing of the opinion in the habeas corpus matter, Sirypangno currently does not stand convicted of attempted

---

[2]    After the parties briefed these issues, the Legislature passed and the Governor signed Senate Bill 775, which amends section 1170.95 to apply its provisions to convictions for attempted murder. (2021 Cal. Legis. Serv. Ch. 551 (S.B. 775).) The amendments enacted by the Legislature also (1) codify the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, which we discuss at length in this opinion, (2) affirm that the standard of proof at a resentencing hearing is proof beyond a reasonable doubt, and (3) clarify what evidence a court may consider at that hearing. (*Ibid.*) Senate Bill 775 was not passed as urgency legislation, and therefore, it did not become effective upon its enactment, but instead will become effective on January 1, 2022. (See Cal. Const., art. IV, § 8, subd. (c).)

[3]    Sirypangno concedes that his success on the procedural argument regarding the lack of the issuing of an order to show cause forestalls the need to consider his second argument.

3

murder; his request for resentencing relief related to that conviction has thus been rendered moot.[4]

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Sirypangno, while armed with a firearm, participated in a verbal altercation at a party with another young man, the victim of the murder charge.[5] After the verbal altercation, Sirypangno gave his weapon to fellow Oriental Killer Boys (OKB) gang member David Phommachanh, who left the party but then returned after receiving a telephone call to come and pick up Sirypangno. Sirypangno and Phommachanh, who upon returning had put a bandana on his face, and some other gang members waited outside for the young man to emerge from the party. When the man emerged, Sirypangno went up to him, said something to him about being " 'the fool that fucking told me to suck your dick,' " and punched or tried to punch him. Sirypangno and at least one other OKB member proceeded to engage in a physical fight with the man and one of the man's friends. After another of the man's friends attempted to pull him away from the fight, Phommachanh pointed the gun at the man and pulled the trigger. When the gun did not fire, Phommachanh cleared an unfired round and then fired five shots toward

---

[4]     Although the People may elect to try Sirypangno again on the charge of attempted murder pursuant to any theories of liability that remain viable, at this point in time, he has no conviction for which section 1170.95 relief could be granted, even if such relief were available with respect to an attempted murder conviction.

[5]     Because the underlying facts of the case are of minimal relevance in the current appeal, we provide only a brief summary and focus more on the procedural history of the matter leading up to this appeal. We take our summary of the underlying facts from our previous opinion in *People v. Sirypangno* (Feb. 15, 2012, D055015) [nonpub. opn.].

4

the man and the man's friend. Phommachanh killed the man and wounded his friend.

In 2008, Sirypangno and Phommachanh were charged in an amended pleading with first degree murder (§ 187, subd. (a); count 1), attempted murder (§§ 187, subd. (a), 664; count 2), and assault with a semi-automatic firearm (§ 245, subd. (b); count 3). The operative charging document further alleged that Sirypangno was a principal, that a principal personally and intentionally discharged a firearm during the commission of the crimes charged in counts 1 and 2 (§§ 186.22, 12022.53, subd. (e)), and that both Sirypangno and Phommachanh committed all of the charged crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). In 2008, a jury found Sirypangno guilty as charged.

A panel of this court affirmed Sirypangno's convictions in *People v. Sirypangno* (Feb. 15, 2012, D055015) [nonpub. opn.].

In 2018, this Court granted Sirypangno's request for habeas relief as to his conviction for first degree murder, pursuant to *People v. Chiu* (2014) 59 Cal.4th 155 and *In re Martinez* (2017) 3 Cal.5th 1216. We vacated Sirypangno's conviction for first degree murder and directed the superior court to modify the judgment to second degree murder if the People did not elect to retry Sirypangno for first degree murder pursuant to section 1382. The People did not elect to retry Sirypangno, and the trial court set a hearing to resentence him for second degree murder.

In April 2019, Sirypangno petitioned for resentencing under section 1170.95. The People initially filed a response in which they agreed that Sirypangno may be entitled to relief. However, the People then filed an amended response in which they argued that Sirypangno was ineligible for relief as a matter of law based on this court's decision in the habeas corpus

5

proceeding in which Sirypangno was granted relief under *Chui* and *Martinez*. Relying on the fact that this court vacated Sirypangno's conviction for first degree murder but permitted the People to elect to retry Sirypangno for murder, the People argued that this court "implicitly found as a matter of law that substantial evidence existed in the trial record upon which a jury could convict [Sirypangno] as a direct aider and abettor of first-degree (and by extension, second-degree) murder," and thus based on "the law of the case," Sirypangno's section 1170.95 petition had to be denied.

Sirypangno, who was at this point represented by counsel with respect to the section 1170.95 petition, filed a reply, arguing that he had made a prima facie showing of his entitlement to relief under the statute.

The trial court held a hearing on the matter on October 20, 2020. The entire substance of the hearing involved Sirypangno's attorney stating, "We believe an OSC should issue in this matter," and the trial court responding, "All right. This is the case that actually was tried in my department, and he was - - he was a direct aider and abettor, so I'm going to deny the petition."

Sirypangno filed a timely notice of appeal.

III.

DISCUSSION

A. *Relevant legal standards*

Senate Bill No. 1437, enacted in 2018, sought "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines

6

the degrees of murder, in order to address felony murder liability. (Stats. 2018, ch. 1015, § 2–3.)

Senate Bill No. 1437 redefined malice under section 188 to require that a principal in an offense in which a murder occurs have acted with malice aforethought. Currently, section 188, subdivision (a)(3) provides in relevant part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." Section 189 was amended to include new subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer[;] [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree[; or] [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 15, § 3.)

Senate Bill No. 1437 also added a new section, section 1170.95, which provides a procedure by which those who have been convicted of murder can seek retroactive relief if the changes in the law with respect to sections 188 and 189 would have precluded their convictions. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (a) allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or

7

indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."

Subdivision (c) of section 1170.95 sets out the procedural framework that a trial court is to follow in processing a petition filed pursuant to the provision.  It currently provides:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor['s] response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

The Supreme Court recently clarified some of the procedural aspects of section 1170.95 in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  Although subdivision (c) makes two references to a "prima facie showing," the *Lewis* court explained that both refer to a *single* prima facie showing that is required under the statute.  (*Lewis, supra*, 11 Cal.5th at p. 962.)  In addition, the statute entitles the petitioner to the appointment of counsel upon the filing of a facially sufficient petition.  (*Ibid*.)  Once the court has appointed counsel and received briefing from the parties, the court may rely on the

record of conviction in determining whether a prima facie showing has been made.  (*Id.* at p. 971.)

However, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited."  (*Lewis, supra*, 11 Cal.5th at p. 971.)  "In reviewing any part of the record of conviction at this preliminary juncture, *a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'* "  (*Id.* at p. 972, italics added; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)  "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' "  (*Lewis, supra*, at p. 971; *Drayton, supra*, 47 Cal.App.5th at p. 978.)

Once the trial court issues an order to show cause, it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subdivision (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record.  (§ 1170.95, subd. (d)(2); *Drayton, supra*, 47 Cal.App.5th at pp. 980–981.)

Although a court should not reject a petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing (*Lewis, supra*, 11 Cal.5th at p. 971), the court need not credit factual assertions that are untrue as a matter of law (*Drayton, supra*, 47 Cal.App.5th at p. 980).  Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in

9

making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, at p. 971.)

B. *Sirypangno is entitled to the issuance of an order to show cause regarding his petition for relief with respect to the second-degree murder conviction*

As the People note, the *Lewis* decision confirmed that at the stage of the process in which the trial court is to assess whether a section 1170.95 petitioner has made the requisite prima facie showing, the trial court may not engage in *factfinding* about the petitioner's culpability; the court may deny a petition only if the petitioner is ineligible for relief as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 972.) Again, a court is to " ' "take[ ] petitioner's factual allegations as true and make[ ] a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Id.* at p. 971.)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) While the record of conviction for these purposes includes appellate opinions, "the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' [Citation.]" (*Id.* at p. 972.) It is only where " 'the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," [that] "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Id.* at p. 971.) Again, however, the trial court should not engage in " 'factfinding' " or weigh the evidence when considering whether the record of conviction establishes that the petitioner is not entitled to relief as a matter of law. (*Id.* at p. 972.)

The People concede that the allegations and record of conviction in this case do not establish, as a matter of law, that Sirypangno is not entitled to relief under section 1170.95. In his petition, Sirypangno alleges the following facts: (1) that "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) that he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine"; and (3) that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."[6] Further, as the People tacitly acknowledge, the record of conviction does not demonstrate, as a matter of law, that the jury convicted Sirypangno of murder pursuant to a direct aiding and abetting theory only, and not pursuant to a natural and probable consequences theory. Sirypangno has therefore met his burden at the prima facie showing stage, and the trial court should have issued an order to show cause.

However, rather than issuing an order to show cause, the trial court engaged in fact-finding by relying on the court's personal memory of the evidence presented at trial. The court stated, "This is the case that actually was tried in my department, and he was - - he was a direct aider and abettor, so I'm going to deny the petition." The People acknowledge that this constitutes improper fact-finding prior to the issuance of an order to show

_____

6    These allegations are made through a form petition in which Sirypangno check-marked boxes next to these statements. In addition, he also marked the box next to the allegation that he "was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and . . . could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019."

cause and the evidentiary hearing. The People further concede that this court should reverse the trial court's order denying the 1170.95 petition with respect to the murder conviction and remand the matter with directions to the trial court to issue an order to show cause with respect to the murder conviction and to hold a hearing at which the parties may rely on the record of conviction as well as present new evidence. We agree with the People that this is the proper resolution with respect to Sirypangno's petition for section 1170.95 relief regarding his murder conviction.[7]

C. *Sirypangno's argument regarding the requested relief with respect to his attempted murder conviction is moot*

Sirypangno argues that the trial court erred in denying his petition without issuing an order to show cause with respect to his attempted murder conviction. The People assert that section 1170.95 relief is not available for attempted murder convictions. However, we conclude that Sirypangno's argument with respect to his attempted murder conviction has been rendered moot by our opinion in *In re Sirypangno* (Oct. 14, 2021, D078705) [nonpub. opn.], issued in a related habeas corpus proceeding. In that matter, we conclude that Sirypangno is entitled to have his attempted murder conviction vacated on the ground that the trial court's instruction to the jury on a kill zone theory of criminal liability was improper under the rule announced in

---

[7] Under the terms of section 1170.95, the trial court may consider the record of conviction, as well as any "new or additional" evidence presented by the parties, at the hearing. (See § 1170.95, subd. (d)(3) ["At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. . . . The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens"].) The statute does not indicate that the court may rely on the court's personal recollection of the evidence from the trial in assessing the petitioner's eligibility for relief.

*People v. Canizales* (2019) 7 Cal.5th 591.  We therefore decline to consider Sirypangno's argument that the trial court erred in denying his section 1170.95 petition with respect to his attempted murder conviction.

IV.

DISPOSITION

The trial court's order denying the 1170.95 petition is reversed and the matter is remanded for further proceedings.  With respect to Sirypangno's murder conviction, the trial court is directed to issue an order to show cause and to hold a hearing to determine whether Sirypangno is "eligible to have his . . . murder conviction vacated and for resentencing."  (§ 1170.95, subd. (d)(2).)

AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.